UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

**14CV4921**

UNIQUE DOUGLIN,

                    Plaintiff,

           -against-

CITY OF NEW YORK,

                    Defendant.

------------------------------------------------------------------X

*Civil Action No.* ___

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUL 01 2014
U.S.D.C. S.D.N.Y.

Plaintiff, UNIQUE DOUGLIN, by her attorney, George T. Peters, Esq., complaining of the defendant herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     UNIQUE DOUGLIN brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to defendant's violations of her civil rights secured by 42 U.S.C. §§ 1983, 1985, and 1988, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States of America Constitution, 18 U.S.C. §2235, and under the laws of the State of New York.

2.     Plaintiff, UNIQUE DOUGLIN, is a twenty-eight (28) year old female, resident of the City of New York, State of New York and a citizen of the United States of America.

3.     Plaintiff, UNIQUE DOUGLIN, while doing nothing illegal or improper, was deprived of her constitutional, civil and common law rights when defendant CITY OF NEW YORK through its agency the CITY OF NEW YORK Police Department detained her in her home.

## JURISDICTION

4.     This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1988, and 18 U.S.C. §§ 2234 and 2235, and of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States of America Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

5.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because the claims arose in this district.

## JURY DEMAND

7.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8.     Plaintiff, UNIQUE DOUGLIN, is a citizen of the United States and at all relevant times a resident of the City of New York, State of New York, Bronx County.

9.     Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of its agencies, as well as the

2

hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

10.    Defendant, CITY OF NEW YORK, employs police officers through the CITY OF NEW YORK Police Department and as such is responsible for the practices, policies, and customs of the CITY OF NEW YORK Police Department.

## STATEMENT OF FACTS

11.    On or about Monday, November 9, 2011, Plaintiff UNIQUE DOUGLIN was arrested and charged with possession of narcotics around 6:00 a.m.

12.    On or about Monday, November 9, 2011, police officers from the CITY OF NEW YORK Police Department busted the door open in Plaintiff's, UNIQUE DOUGLIN, mother's home.

13.    The CITY OF NEW YORK police officers did not show Plaintiff or anyone in the residence a search warrant nor an arrest warrant.

14.    However, the CITY OF NEW YORK Police Department alleged that UNIQUE DOUGLIN and other residents of that home were in possession of drugs and guns.

15.    The CITY OF NEW YORK police officers proceeded to search the apartment and arrested all of its inhabitants including Plaintiff, UNIQUE DOUGLIN.

16.    Plaintiff, UNIQUE DOUGLIN, was not in possession of any guns or narcotics.

17.    Nonetheless, on November 9, 2011, Plaintiff, UNIQUE DOUGLIN, was arrested and charged with possession of narcotics.

18.     The CITY OF NEW YORK police officers transported Plaintiff, UNIQUE DOUGLIN, to a precinct and took her into a holding area where she was handcuffed to a bench for approximately three (3) hours.

19.     Plaintiff, UNIQUE DOUGLIN, was unaware with what she was being charged with during this time.

20.     The CITY OF NEW YORK police officers then transported Plaintiff, UNIQUE DOUGLIN, to Central Bookings where she was processed.

21.     There was no grand jury and no testimony given in Plaintiff's, UNIQUE DOUGLIN, presence.

22.     Plaintiff, UNIQUE DOUGLIN, was held by the CITY OF NEW YORK Police Officers for two (2) days.

23.     Plaintiff, UNIQUE DOUGLIN, was not found guilty of the aforementioned criminal charges.

24.     The criminal charges lodged against UNIQUE DOUGLIN were dismissed in September of 2013.

25.     The matter against Plaintiff, UNIQUE DOUGLIN, was sealed pursuant to Section 160.50 of the New York State CPL.

26.     Plaintiff, UNIQUE DOUGLIN, suffered from emotional distress and psychological damage due to the CITY OF NEW YORK Police Department's aforementioned actions and the criminal charges lodged against her.

27.     After the aforementioned incident, Plaintiff, UNIQUE DOUGLIN, saw a psychiatrist for treatment for her psychological injuries.

28.     Said injuries to Plaintiff, UNIQUE DOUGLIN, were caused solely by reason of the negligence of the Defendant, CITY OF NEW YORK, its police department, officers, agents, servant and employees without any negligence of the Plaintiff contributing thereto.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

29.     Plaintiff, UNIQUE DOUGLIN, repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30.     As a direct and proximate result of the defendant's actions, Plaintiff was deprived of property, rights, privileges and immunities secured to her under the Constitution and laws of New York and the United States, including, but not limited to her rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 and 1985 to be secure in her person, to be protected against cruel and unusual punishment, to not be deprived of her property, to be provided with humane conditions of confinement, and to equal protection of the laws.

31.     The Defendant's actions were undertaken under the color of law and would not have existed but for said defendant's use of its official power.

32.     As a result of the aforesaid violation of Plaintiff's rights, Plaintiff has sustained emotional, physical, psychological injuries and damages previously described in this complaint.

33.     That by reason of the foregoing, Plaintiff suffered serious physical and/or emotional injuries with damages totaling in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
## Deprivation of Property

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35.     The CITY OF NEW YORK deprived UNIQUE DOUGLIN of personal property without due process.

36.     Defendant violated 42 U.S.C. §1983.

37.     Defendant violated the Fourteenth (14th) Amendment.

38.     The defendant, its agents, servants or employees acted negligently, carelessly and recklessly in allowing Plaintiff's rights to be violated.

39.     As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

40.     As a result of the foregoing, Plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION
## False Arrest and False Imprisonment

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42.     At all times relevant herein Defendant, CITY OF NEW YORK, acted with the intention of confining Plaintiff, UNIQUE DOUGLIN, within fixed boundaries. The act directly or indirectly resulted in confinement, and UNIQUE DOUGLIN was conscious of the confinement.

6

43.     Defendant imposed by force or threats an unlawful restraint upon plaintiff UNIQUE DOUGLIN's freedom of movement, to wit by arresting and handcuffing her hands behind her back and transporting her to a facility where she was detained in a cell.

44.     At no time did Plaintiff commit, or attempt to commit, any act or offense for which an arrest may be lawfully made.

45.     The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

46.     The Defendant, CITY OF NEW YORK, its agents, servants and/or employees acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of Plaintiff, UNQIUE DOUGLIN.

47.     The aforesaid arrest and imprisonment was made with knowledge of and/or negligent disregard of the material falseness of the criminal complaint(s).

48.     As a direct and proximate result of the conduct of Defendant, UNIQUE DOUGLIN suffered harm and damages including but not limited to the aforesaid damages.

49.     Defendant CITY OF NEW YORK is liable under the doctrine of respondeat superior for its agency CITY OF NEW YORK Police Department's actions.

50.     As a result of the foregoing, Plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
## Malicious Prosecution

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52.     Defendant, CITY OF NEW YORK, instituted criminal process against Plaintiff, UNIQUE DOUGLIN, with malice.

53.     The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that UNIQUE DOUGLIN was guilty.

54.     Defendant has a duty to ascertain whether there was reasonable and probable cause for a prosecution.

55.     Defendant breached its duty.

56.     The criminal proceeding was terminated in favor of Plaintiff, UNIQUE DOUGLIN, when the charges were dismissed by the Court.

57.     As a result of the foregoing, UNIQUE DOUGLIN, seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION
## Unlawful Search Under 42 U.S.C. §1983

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59.     Defendant searched the home where Plaintiff, UNIQUE DOUGLIN, was residing in the absence of any individualized reasonable suspicion that Plaintiff, UNIQUE DOUGLIN, was concealing weapons or contraband.

60.     As a result of the foregoing, Plaintiff, UNIQUE DOUGLIN, was subjected to an illegal and improper search.

61.     The foregoing unlawful search violated Plaintiff's, UNIQUE DOUGLIN, constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

62.     As a result of the foregoing, UNIQUE DOUGLIN, seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 62 with the same force and effect as if more fully set forth at length herein.

64.     Defendant, CITY OF NEW YORK, acted with gross, wanton, willful and reckless disregard of Plaintiff's, UNIQUE DOUGLIN, rights and well being.

65.     Defendant's, CITY OF NEW YORK, conduct was outrageous and without excuse or justification.

66.     Severe emotional distress to Plaintiff, UNIQUE DOUGLIN, by reason of Defendant, CITY OF NEW YORK, was reasonably foreseeable.

67.     By reason of Defendant's, CITY OF NEW YORK, actions, Plaintiff, UNIQUE DOUGLIN, has suffered emotional and mental distress.

68.     Defendant's, CITY OF NEW YORK, conduct was without excuse or justification.

69.     As a result of the foregoing, Plaintiff, UNIQUE DOUGLIN, seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief against Defendant as follows:

(1)     On the FIRST CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2)     On the SECOND CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3)     On the THIRD CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4)     On the FOURTH CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5)     On the FIFTH CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(6)     On the SIXTH CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(7)     That Plaintiff recovers the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

(8)     That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: New York, New York
        June 27, 2014

GEORGE T. PETERS, ESQ. (GP 2661)
LAW OFFICE OF GEORGE T. PETERS, PLLC
*Plaintiffs' Attorney*
402 W. 145th Street, 2nd Floor
New York, New York 10031
(347) 751-0157
George.Peters@myatty1.com

11